# Stephenson *v.* Harris.

*Bill in Equity to correct Misdescription of Property.*

1. *Reformation of description of property; when bill can not be maintained therefor.*—When a mortgage misdescribes the property intended to be mortgaged, the mistake may be corrected by a proper proceeding before a judicial foreclosure; but if the mistake has been carried into a bill filed for the purpose of foreclosing said mortgage, into the decree ordering the foreclosure, into the advertisement and register's deed, and into the order confirming the sale by the court, the purchaser at such foreclosure sale can not maintain a bill in equity to correct the misdescription of the land as contained in the mortgage, in the decree in the subsequent proceedings, and in the register's deed.

APPEAL from the Chancery Court of Morgan.

Heard before the Hon. WILLIAM H. SIMPSON.

The appellant, R. L. Stephenson, on the 27th day of September, 1894, executed a mortgage to J. T. Allison on land described as "one house and ten acres of land lying two miles southwest of Decatur, on the Danville road, and being the north end of the northeast half of the northwest quarter of section 36, township 5, range 5 west," in Morgan county, Alabama.

On the 22nd day of October, 1895, Stephenson filed his bill in the chancery court of said county against said Allison and C. C. Harris—who it was alleged claimed some interest in the mortgaged premises—the object of which bill was to set aside said mortgage for fraud, growing out of misrepresentations of said Allison in procuring it. The defendants answered the bill

and made their answer a cross-bill. On the trial of the original and cross-bill, a decree was rendered dismissing complaintnt's bill, and rendering a decree in favor of the cross-complainants, Allison and Harris, and decreeing that Harris had a first and prior lien on the property described in the mortgage, to the lien of said Allison, and ordering its sale by the register in thirty days, if the amounts ascertained to be due and owing to defendants were not sooner paid. In said decree it is alleged the land was described in the same manner as it was described in said Stephenson's bill for cancellation of said mortgage. In the mortgage, it is alleged, the description was the same, except that it was there described as lying two miles southwest of *New* Decatur, instead of southwest of *Decatur*

Default having been made by said Stephenson in paying said sums so ordered to be paid, the register proceeded, as averred, to advertise said land for sale, describing it in the advertisement in the same manner as it was described in the decree; and on the 27th day of February, 1897, he sold the land at public outcry for cash, the defendant in that case and one of the cross-complainants, C. C. Harris, bidding it in for $50, to whom the register executed a deed to the land, describing it as in the decree. The sale was reported by the register, which was duly ratified and confirmed by the court, on the 27th of March, 1897, and a judgment over was rendered against said Stephenson, for $879.62, with costs. The purchaser at the sale, Harris, went into possession of the land and has since remained in possession by his tenant. One Neville was at the time in possession as the tenant of said Stephenson. The purchaser, Harris, notified this tenant of his purchase under that decree, and of his claim to the land, its possession, rents and profits, and said tenant attorned to said Harris and paid him one month's rent, entering into a contract with him for the rent of the land for the remainder of the year, 1897, and agreeing to pay the rents monthly. It is alleged that said Stephenson, on April 5, 1897, served notice on said tenant to remove immediately off of said land, or he would be

treated by him as a trespasser thereon; and he also served written notice on said Harris not to interfere with said premises, and warning him that no expenditures made by him thereon would be recognized, and that he would look to him, Harris, for all rents that he should prevent him, Stephenson, from collecting; that said Stephenson, since these notices, has commenced suit against said tenant for rents of the place, including that paid by him to said Harris, and has garnished the wages of said tenant as an employe of the Louisville & Nashville Railroad Company, and has also sued out an attachment against said Neville to collect said rents, and threatens to have the same levied on the furniture and household goods in the house occupied by said tenant on said land; that the fencing on said land is dilapidated, and said Harris employed one Austin to do necessary repairs thereon, and that said Stephenson had notified said Austin to cease work on said premises and not to interfere with the same in any way

The present bill was filed against said R L. Stephenson by said C. C. Harris, who was a defendant in the said Stephenson bill, and a cross-complainant therein, wherein he sets forth at length the foregoing recited facts. He also avers that the description of said land in said mortgage of defendant, Stephenson, to said Allison "is awkwardly and inartificially expressed and is not such a description as is generally used in describing lands by the government survey, and orator is informed and believes and so states, that the true description of the lands intended to be conveyed by the said Stephenson to the said Allison in the mortgage hereinabove referred to, is: 'One house and ten acres of land off of the north end of the northeast *quarter* of the northwest quarter of section 36, township 5, range 5 west, being a strip one quarter of a mile long by 110 yards wide.'" The difference in this description and the one contained in said mortgage (except as to the word "New" before the word Decatur therein) and in the other proceedings in said Stephenson case is in the word quarter, italicized above, substituting that word for the word half, as used in the mortgage and other

descriptions, so as to make the true description as alleged, and as proposed to be amended by correction, "ten acres of land off of the north end of the northeast quarter," instead of ten acres off of the northeast half of the northwest quarter of said section.

It is averred that said Stephenson did not own any other house and ten acres of land within a distance of two or three miles southwest of Decatur or New Decatur on the Danville road, nor within section 36, township 5, range 5 west, except the ten acres of land intended to be described in said mortgage referred to in his said bill; that said Stephenson, before the execution of the mortgage, went with the said Allison on the ten acres of land, situated on the north end of the northeast quarter of the northwest quarter of said section, and exhibited the same to him as the land which he intended to convey in said mortgage  It is averred that the alleged incorrect description of said land, as it appeared in said Stephenson bill, and as contained in said mortgage, was carried into the decree of foreclosure under the cross-bill in that case, into the sale made thereunder, into the deed executed by the register to this complainant, C C. Harris, and, as appears, into the advertisement of the sale of the land by the register.

The averment is made that owing to the awkardly expressed description, and the mistake in the distance from the town of Decatur, and the fact that defendant Stephenson repudiates said sale and claims said house and ten acres of land, a cloud is cast upon complainant's title, which affects the market value of the land; and he fears that he and his tenants will be annoyed by suits by said Stephenson in reference to said land, and that said Stephenson is insolvent.

The prayer of the bill is, "that the description of the land in the mortgage, in the decree, in the sale of the land by the register, in the deed made by the register to your orator, and in the register's report of sale, be corrected so as to describe the same as 'One house and ten acres of land off of the north end of the northeast quarter of the northwest quarter of section 36, T. 5, R. 5 west,'" and that an injunction issue as prayed

[Stephenson v. Harris.]

for. An injunction was granted and issued to enjoin the prosecution of said suits, and from further interfering with complainant in his possession of said land.

Many grounds of demurrer were interposed to the bill, some of which raise the point on which the case is considered and determined by this court.

The chancellor overruled the demurrer, to reverse which the present appeal is prosecuted.

E. W. GODBEY, for appellant.—The chancery court erred in holding that it could correct the final decree of foreclosure, the mortgage judicially foreclosed, the register's deed, report of sale, and the confirmation of the sale, by way of materially changing the description, after the adjournment of the term at which all those proceedings were had.—*Dial v. Gambrell,* 126 Ala. 151; *Miller v. Kolb,* 47 Ind. 220; *Rogers v. Abbott,* 37 Ind. 138; *Keepfer v. Force,* 86 Ind. 81; *Thorington v. Thorington,* 111 Ala. 237; *Waring v. Lewis,* 53 Ala. 625; *Murrell v. Smith,* 51 Ala. 301, 305; *McDougald v. Daugherty,* 39 Ala. 420; *Banks v. Long,* 79 Ala. 319; *Williams v. Murphy,* 1 Post 40; *Duvall v. McCloskey,* 1 Ala. 728; Story's Eq. Plead., § 414; 3 Ency. Plead. & Prac., 609; *Creswell v. Jones,* 68 Ala. 420; *Thomas v. Joslin,* 1 Am. St. Rep. 624, 625; *Steinbach v. R. F. Ins. Co.,* 33 Am. St. Rep. 655, 658; *Clark v. Hart,* 57 Ala. 395.

HARRIS & EYSTER, *contra,* cited *Greeley v. DeCottes,* 24 Fla. 475; *Green v. Dickinson,* 119 Ala. 346; *Hutchinson v. Dearing,* 20 Ala. 798; *Scott v. Ward,* 65 Ala. 174; *Johnson v. Riddle,* 70 Ala. 219; *Coleman v. Smith,* 55 Ala. 368; *Coffee v. Hunt,* 75 Ala. 236; *Robbins v. Battlehouse Co.,* 74 Ala. 499.

HARALSON, J.—The whole difficulty with the complainant's title to the land in question, and to his enjoyment of the possession of the same is, as appears, in the alleged misdescription of the same in the mortgage under which it was sold by the decree of foreclosure, at the instance of the cross-complainants, in the chancery court

in the suit of defendant Stephenson, v. Allison and C. C. Harris,—the latter being the present complainant,—said description appearing, not only in the said foreclosure bill, but in the decree therein, ordering a sale of the property; in the advertisement of sale by the register, in his report of the same to the court and his deed to the purchaser,—the complainant in this bill,—and in the confirmation of said sale by the court. After all this, the defendant objects, by way of demurrer, that the relief sought cannot be granted in a bill of this character.

No principle is better settled here, and generally, than that courts of equity have jurisdiction to reform a written instrument, on account of a mistake of fact occurring in it, so as to conform it to the intention of the parties to it, even though the defect is such that it may be aided by parol, and thereby made available as a defense to an action at law; and so long as the party holding under the written instrument is dependent on parol testimony, and is exposed to the hazard of losing the benefit of his written muniment by loss of such parol evidence, he is entitled to the aid of a court of equity to perfect the written muniment.—*Greene v. Dickson*, 119 Ala. 346. Judge Story says: "One of the most common classes of cases, in which relief is sought in equity, on account of a mistake of facts, is that of written instruments, either executory or executed. Sometimes by mistake, the written instrument contains less than the parties intended; sometimes it contains more; and sometimes it simply varies from their intent by expressing something different in substance from the truth of that intent. In all such cases if the mistake is clearly made out by proof entirely satisfactory, equity will reform the contract, so as to make it conformable to the precise intent of the parties."—1 Story Eq. Jur., § 162; 2 Pom. Eq. Jur., §§ 852, 859.

Another principle equally as well settled and understood is, that after a decree has been entered and the term of the court at which it was entered has expired, it cannot be vacated or amended on motion or petition for the purpose of correcting an alleged error which in-

volves the merits of the case.—5 Ency. Pl. & Pr., 1049.

In *Owen v. Bankhead*, 82 Ala. 399, it was said: "A final decre had been rendered in this case, and under it the register had made sale of the lands the bill sought to have sold. At a subsequent term, application was made for leave to amend the bill. The application came too late. The final decree, and adjournment of the court, placed the subject of the decree beyond the power of the chancellor to alter anything therein decided.—*Ex parte Cresswell*, 60 Ala. 378; *Cochran v. Miller*, 74 Ala. 60; *Marshal v. McPhillips*, 79 Ala. 145."—*McQueen v. Whetstone*, 127 Ala. 417; *Dial v. Gambrell*, 126 Ala. 151.

In this case, there was no action to correct the alleged mistake in the mortgage before it was foreclosed, nor was there any correction of it, sought in the cross-bill for its foreclosure.

The Indiana court has had the question presented before it more than once. In *Rogers v. Abbott*, 37 Ind. 138, the court said: "Such mistakes in the description of real estate, between private persons, in bonds, mortgages, deeds, etc., are freely corrected by the courts. But when the sale is judicial, difficulties arise which at once cause a court to hesitate, seek for reasons and search for precedents. * * * If the mistake was in the deed only, perhaps it might be corrected in this way. * * * But if we should correct the deed, and attempt to vest in the plaintiff the title to the tract of land which he claims, we should give him land which was not ordered by the court to be sold, nor advertised by the sheriff, nor sold by him, nor purchased by the plaintiff. The difficulty seems to us insurmountable, especially as to a correction of the description of sale given by the sheriff."—*Schwickerath v. Cooksey*, 53 Mo. 75.

In *Miller v. Kolb*, 47 Ind. 220, it was held that when a mortgage misdescribes the property intended to be mortgaged, the mistake may be corrected by a proper proceeding before foreclosure, or in an action to foreclose; but when the mistake has been carried into a decree of foreclosure, the execution, advertisement, and

sheriff's deed, the purchaser at the sheriff's sale cannot maintain an action to correct the mortgage and decree, the subsequent proceedings and the deed. So, in *Armstrong v. Short,* 95 Ind. 326, it was said: "That when a mortgage has been foreclosed and the property sold, there can be no reformation of the sheriff's deed in the way of correcting an erroneous description."—*Keepfer v. Force,* 86 Ind. 326.

When there is a decree of foreclosure, the mortgage becomes merged in it, and ceases to exist as a legal security for the debt, so long as the decree of foreclosure stands unannulled. It follows, that a decree of foreclosure, if valid, is a complete extinction of the mortgage; and if invalid, it must be so for all purposes.—*Duval v. McLoskey,* 1 Ala. 728.

We have been referred by complainant's counsel to the case of *Greeley v. DeCottes,* 24 Fla. 475, and to *Greene v. Dickson,* 119 Ala. 346, as sustaining his bill. The Florida case, it must be admitted, does, but the conclusion seems, from the authorities cited, to be based on the admitted jurisdiction of the chancery court to correct mistakes in written instruments. We must decline to follow it. In the case in 119 Ala., it seems from the opinion that a deed of trust was foreclosed, as we take it, under the power in the deed, and the complainant purchased the land and received a deed from the trustee. The county and State where the lands described lay, were not stated in the deed of trust, and another misdescription was averred. No judicial decree for the sale, appears to have been made, and the power of the court to correct a decree, or a mortgage which had been judicially foreclosed was not considered. The *gravamen* of the decision is, that "courts of equity have jurisdiction to reform written instruments even though the defect is such that it may be aided by parol and thereby make it available as a defense to a suit at law."

In the case in hand, if the relief prayed were granted, it would result in giving to complainant a title by decree, to land that was not described in the bill to foreclose, not decreed to be sold, and not advertised and sold, nor conveyed by the register to him under the fore-

closure decree. That part of it which was sold under the decree was, no doubt, well sold, and may have been of comparatively small value to that not sold, and which complainant now proposes to take under a decree to be herein rendered. To do this, amendment and reformation from the beginning of the case under which the decree of foreclosure was entered, would have to be made,—in the bill, mortgage, decree, sale, conveyance and confirmation of the decree. The judicial sale cuts this all off from the power of the court to deal with, in this case.

It is unnecessary to consider the question of rents and of parties as raised and discussed.

The demurrer should have been sustained. A decree will be here rendered reversing the decree below and sustaining the demurrer. The cause is remanded.

Reversed and remanded.

