# Greer, et al. v. Watson.

## Bill to Reform Mortgage.

(Decided Feb. 2, 1911. 54 South. 487.)

1. *Reformation of Instrument; Parties Entitled to Sue.*—A subsequent purchaser may file a bill to correct a mistake in the description of land, made in the conveyance by the original grantor. .

2. *Same.*—A purchaser at a mortgage foreclosure sale under power contained in a mortgage may sue to correct a mistake in the description of the mortgage.

3. *Same.*—A failure to pay the purchase money at a mortgage foreclosure sale under power is a matter between the purchaser and the mortgagee; hence, a purchaser at said sale, who, with the consent of the mortgagee delays payment of the purchase price until an error in the description is corrected, may file his bill against the mortgagor to correct the mistake.

APPEAL from Geneva Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by J. W. Watson against P. E. Greer and others, to reform a mortgage. From a decree overruling demurrer to the bill, respondents appeal. Affirmed.

The bill alleges that orator bought 'at a mortgage foreclosure sale under a mortgage executed by Greer and wife to one A. J. Tew; that under the power Tew made orator a deed, and that the lands in the mortgage and the deed were improperly described as the N. E. ¼ of the N. E. ¼, section 24, township 2, range 24, while it should have described the land as the N. W. ¼ of the N. E. ¼, same section, township, and range. It is alleged that Greer owned at the time of the execution of the mortgage the said N. W.¼ of the N. E. ¼, and intended to convey that particular 40 of land, and that he had no right, title, or claim of any kind in the N. E. ¼ of the N. E. ¼, and so described the land in the mortgage by mistake, since that particular 40 belonged to orator. The bill then sets out the note of sale, giving the date, etc. It is then alleged that, before orator paid the purchase money, he discovered the mistake, and has not paid, and will not pay, until he can have a good deed to the land intended to be mortgaged. It is then alleged that orator is ready, able, and willing to pay the purchase money, and that Tew is ready and willing to do, and has done, all that he can towards perfecting orator's title to the land and correcting the misdescription, and that Tew is ready and willing to wait for the purchase money until the correction can be made; that Greer pretends to be willing to correct the misdescription, but has failed and refused to execute a deed curing the misdescription, or do anything looking to that end. The prayer is for reformation, etc. The demurrers are that there is no equity in the

bill; it appears that from the bill complainant is not a purchaser under the alleged mortgage foreclosure sale; it does not appear from the bill that the complainant is legally bound to pay said purchase money; and others not necessary to be here set out.

W. R. CHAPMAN, for appellant. The relief of reformation is never granted unless it plainly and unequivocally appears that the mistake was actually made, that it was mutual, and further that it was just what the parties contracted to say.—*Keith v. Woodruff*, 136 Ala. 443. The purchaser at a mortgage sale who complies with the terms of purchase is an assignee of the mortgage if the title is not vested by virtue of the sale. —*Adkins v. Tutwiler*, 98 Ala. 129. This is not true of a purchaser who does not comply.—Authorities supra, and *Berry v. Stewart*, 22 Ala. 207; *Lewis v. Woods*, 34 Am. Dec. 110; 2 Jones on Mortgages, Secs. 1645, 1648.

J. R. MOTES, and C. D. CARMICHAEL, for appellee. The mortgagor cannot complain that credit was extended to the purchaser by the mortgagee. That is a matter between the purchaser and the mortgagee.— *Mewburn v. Bass*, 82 Ala. 622; *Adkins v. Tutwiler*, 89 Ala. 129; *Cooper v. Hornsby*, 71 Ala. 62; *Durden v. Whetstone*, 92 Ala. 480. In any event, the purchaser succeeded to the mortgagee's right to have the mortgage corrected.—*Tillis v. Smith*, 108 Ala. 267, and authorities there cited.

DOWDELL, C. J.—There can be no question of the right of a subvendee to maintain a bill in equity to correct a mistake in the description of land made in the conveyance by the first grantor.—*Weathers v. Hill*, 92 Ala. 492, 9 South. 412; *Tillis v. Smith*, 108 Ala. 267,

[Greer, et al. v. Watson.]

19 South. 374. This principal applies also to a purchaser at foreclosure sale under power in the mortgage. —*Lester v. Johnston*, 137 Ala. 194, 33 South. 880; *Jones v. McNeally*, 139 Ala. 379, 35 Suth. 1022, 101 Am. St. Rep. 38; *Greene v. Dickson*, 119 Ala. 346, 24 South. 422, 72 Am. St. Rep. 920.

Although the bill shows that the purchase price bid at the foreclosure sale has not been paid, it avers an ability and readiness on the part of the complainant to pay, and a willingness on the part of the mortgagee to accept payment, and to do all in his power to correct the mistake complained of and to perfect the sale. In other words, the mortgagee makes no objection to the delay in the payment of the purchase price bid at the foreclosure sale by the complainant until the alleged error in description can be corrected. Deferring of the payment of the purchase price bid until the mistake in the mortgage as to the description is corrected is a matter between the mortgagee and the purchaser, and of which the mortgagor has no right to complain. This is settled in principle in the cases of *Mewburn's Heirs v. Bass*, 82 Ala. 622, 2 South. 520; *Cooper v. Hornsby*, 71 Ala. 62, and *Durden v. Whetstone*, 92 Ala. 480, 9 South. 176. The facts in this case differentiate it from the case of *Adkins v. Tutwiler*, 98 Ala. 129, 11 South. 640, cited by counsel for appellant. In the last-mentioned case the controversy was between the mortgagee and the purchaser at the foreclosure sale.

The bill was not open to the demurrer filed, and the decree of the chancellor overruling same will be affirmed.

Affirmed.

SIMPSON, MAYFIELD, and McCLELLAN, JJ., concur.