GILLEN v. POWE.

(Circuit Court of Appeals, Fifth Circuit. January 11, 1915.)

No. 2613.

1. ESTOPPEL ⬳38—CONVEYANCE--WARRANTY—AFTER-ACQUIRED TITLE.
Where the owner of land, but not the timber thereon, conveyed the land by warranty deed to another, who knew that the grantor had no interest in the timber and understood that the timber was not included in the deed, although not expressly excepted therefrom, the warranty in the deed did not operate to pass to the grantee, or a subsequent grantee, the right to the timber thereafter acquired by the grantor, and the grantor can have the deed corrected so as to exclude the timber therefrom.
[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 99–107; Dec. Dig. ⬳38.]

2. REFORMATION OF INSTRUMENTS ⬳24—RIGHT OF ACTION—POSSESSION.
The grantor need not show that he is in possession of the timber to entitle him to the equitable relief reforming the instrument in such a case, since the only way he could take possession would be by cutting and removing the timber which he had a right to allow to remain standing.
[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. § 83; Dec. Dig. ⬳24.]

Appeal from the District Court of the United States for the Southern District of Alabama; Harry T. Toulmin, Judge.

Action by William H. Gillen against Harry A. Powe. Decree for the defendant, and plaintiff appeals. Reversed and remanded.

T. M. Stevens, of Mobile, Ala., for appellant.
R. Percy Roach, of Mobile, Ala., for appellee.

Before PARDEE and WALKER, Circuit Judges, and MAXEY, District Judge.

WALKER, Circuit Judge. [1] The averments of the bill show that the appellee, Harry A. Powe, bought and paid for only the land described in the deed to him, and that it was not the intention of either of the parties to that instrument that it should convey or affect the timber on that land, which it was well understood then belonged to a third party. The deed to the appellee's grantors, as it was framed, had the effect of misdescribing the property which was intended to pass, in that the covenant of warranty which it contained on the face of it would operate to vest in the grantee, or in his subgrantee,

the title to the timber subsequently acquired by one of the grantors. A grantee in a deed is not entitled to make use of a covenant of warranty contained in it to get title to something which both parties to the conveyance understood was not covered by it. When the words of conveyance contained in a deed have the effect of vesting in the grantee the absolute title to all the property intended to pass by it, nothing else is left for the covenant of warranty to operate upon, and the presence of that covenant in the deed should not be allowed to have the effect of passing to the grantee title to property subsequently acquired by a grantor which all parties to the instrument understood was not covered or affected by it. According to the averments of the bill, the appellee acquired the land from Mary Powe with full knowledge that the deed to her was not intended or understood to convey the timber. The appellant, the plaintiff below, acquired whatever right Arthur R. Speer, one of the grantors in the deed to Mary Powe, had to the timber or to have it excluded from the operation of the deed to Mary Powe, and, unless he has an adequate remedy at law, is entitled to have the misdescription corrected, as the effect of such misdescription is to cast a cloud over his title. Greer et al. v. Watson, 170 Ala. 334, 54 South. 487; Jones v. McNealy et al., 139 Ala. 379, 35 South. 1022, 101 Am. St. Rep. 38; 34 Cyc. 951.

[2] Assuming, without conceding, that in any case the right of a grantor in a deed, or of his vendee, to resort to a court of equity to have it so reformed as to exclude from its operation property not intended to be affected by it, is dependent upon the party seeking relief being in possession of the property claimed to have been mistakenly included in the instrument sought to be reformed, yet it seems plain that such a rule cannot properly have application in such a case as the instant one. When one owns the timber on a tract of land and another owns the land itself, the former has no right of possession that can be exclusive of the latter's. The timber owner's right to take possession of the timber can be executed only by entering upon the land and severing it from the soil; and, until this is done, the actual possession of the timber, undelivered as yet, remains in the general owner in possession of the land, as the quasi bailee of the owner of the timber. Christopher et al. v. Curtis-Attalla Lumber Co., 175 Ala. 484, 57 South. 837. And the timber owner, in the absence of any restriction or limitation upon his ownership, has as much right to refrain from cutting his timber as he has to cut and remove it. To say that he must enforce his right to the only kind of possession to which he is entitled, namely, that of entering on the land and severing the timber from the soil, amounts to saying that he must do something that his ownership of the timber entitles him to refrain from doing. Even if, while the deed to Mary Powe is outstanding and unreformed, the appellant could maintain an action at law based on his right to the timber, his right to resort to a court of equity should not be conditioned upon his abandonment of a material part of the property interest which he seeks to have protected.

In such a situation as the one disclosed by the averments of the bill in the instant case, the right of a grantor in a deed, or of one en-

titled through him to timber on the land conveyed, to have a cove-- nant of warranty contained in the deed deprived of the effect of making the grantee the apparent owner of timber which was acquired by the grantor after the deed was executed, could not be fully protected if, in order for the party seeking such relief to be entitled to it, he must first have successfully asserted the only right to the possession of the timber which could be enforced at law. For the plaintiff to have a standing in a court of equity, he is not required to show that he has enforced a legal remedy, the constrained enforcement of which by him would curtail the very right he is entitled to have protected. What has been said, we think, sufficiently answers the suggestion that the bill was deprived of equity by its failure to show that the plaintiff was in the possession of either the land or the timber on it to which alone he was entitled. We are aware of no legal remedy by a resort to which the plaintiff could have secured adequate protection against the appearance of ownership of the timber with which, in the situation developed by subsequent events, the deed to the defendant, as it was framed, clothed him. The plaintiff's property right, as disclosed by his bill, is of such a nature as required his resort to a court of equity for its protection against the claim recently set up by the defendant. The conclusion is that the plaintiff had no adequate remedy at law, and that the facts stated in his bill entitle him to a decree declaring that the deed to the defendant is without effect upon plaintiff's title to the timber right acquired by the latter.

The decree appealed from is reversed, and the cause is remanded for further proceedings not inconsistent with the conclusions above stated.