# Jackson, et al. v. Lucas.

## Bill to Reform a Mortgage.

(Decided June 30, 1908.  47 South. 224.)

*Reformation of Instruments; Mortgages; Privity.*—Where land was erroneously described in a mortgage which was foreclosed, at which sale the mortgagee became the purchaser, and then afterwards conveyed the land by proper description to another who by the same description conveyed to the complainant in this case; and after the foreclosure the mortgagor in the original mortgage conveyed the land by proper description to the respondent in this cause, all of which facts are alleged in the bill, such bill fails to show that there was such privity between the parties as would sustain a bill by complainant to reform the mortgage as against the mortgagor and his grantee.

Appeal from Randolph Chancery Court.

Heard before Hon. W: W. Whiteside.

Bill by Nixon Lucus against J. W. Jackson and another to reform a mortgage. Motion was made to dis-

miss the bill for want of equity and demurrers were
filed. From a decree overruling the demurrers and the
motion to dismiss, defendants appeal. Reversed and
rendered.

WHATLEY & CORNELIUS, for appellant. The mortgage
foreclosed cannot be reformed.—*Stevenson v. Harris,*
131 Ala. 470; *Duval v. McClusky,* 1 Ala. 728. No such
privity existed between the complainant and the re-
spondents as entitles them to maintain this bill.—
18 A. & E. Ency P. & P. 797; *Tillis v. Smith,* 108 Ala.
264; *Blackburn v. Randolph,* 33 Ark. 125.

LACKLEY & BRIDGES, and HOOTEN & OVERTON, for ap-
pellee. A mortgage may be reformed after a foreclosure
under the power therein contained.—*Stephenson v.
Harris,* 131 Ala. 470-477; *Greene v. Dickson,* 119 Ala.
346; *McGehee v. Lehman Durr & Co.,* 65 Ala. 316. A
purchaser of land is entitled to enforce his grantors
right to the correction of a prior deed to the grantor.—
*Jones v. McNealy,* 139 Ala. 379; *Tillis v. Smith,* 108 Ala.
264; *Greeley v. DeCottes* (Fla.), 5 So. Rep. 239. By
privity in estate is meant a succession by purchase or
descent, to the title of a former owner of the same prop-
erty. In such case the successor is in privity with the
former owner.— Words & Phrases, Vol. 6, Pages 5606
to 5610; *Patton v. Pitts,* 80 Ala. 373; *Ahlers v. Thomas,*
77 Am. St. Rep. 820; 2 Black on Judgments, Sec. 549.
A mortgagee having sold and conveyed his interest in
the mortgaged premises, is not a necessary or proper
party to a bill filed by his grantee for the reformation
of the mortgage of the lands by him.—*Prout v. Hogue,*
57 Ala. 28; *Rasin Fertilizer Co. v. Bell,* 107 Ala. 261;
*Hardwell v. Lehman Durr & Co.,* 72 Ala. 344; *Wilkinson
v. May,* 69 Ala. 33.

[Jackson, et al. v. Lucas.]

DENSON, J.—Stevens executed a mortgage to Schuessler & Co., on 80 acresc of land to secure a present indebtedness. The correct description of the land is S. ½ of N. E. ¼ and S. ½ of N. W. ¼ of section 2, in township 21, of range 10, in Randolph county; but the scrivener, in drawing the mortgage, described the lands as being in section 22, so that a mistake was made in the description of the land. After the law day in 1896, as the bill shows, Schuessler & Co., advertised and sold the lands under the mortgage, and became the purchasers at said sale. After the sale they rented the lands to Stevens for the year 1897, and for several years thereafter. On June 4, 1903, the individual members composing the firm of Schuessler & Co., sold and conveyed by deed, with full covenants of warranty, the land, by its correct numbers, to W. P. Lucas. Lucas went into possession and held the lands as his own until the 31st of December, 1904, when he sold and conveyed by deed, with full covenants of warranty, the land by its correct numbers to Nixon Lucas, who went into immediate possession and has remained in possession ever since. After the foreclosure sale (the exact time not being shown by the bill) Stevens sold and conveyed the land to J. W. Jackson for a consideration of $20. Jackson, on the 18th day of May, 1906, instituted a statutory action of ejectment against Nixon Lucas tenant to recover possession of the lands. The tenant, in the manner required by the statute, had Nixon Lucas made a party defendant to the ejectment suit. The bill here was filed by Nixon Lucas, against Stevens and Jackson, to reform the mortgage so as to make it read "section 2," instead of "section 22," and to perpetually enjoin the ejectment suit. A motion to dismiss the bill for the want of equity, and a demurrer to the bill. were overruled by the chancellor; and this appeal was taken from that decree.

The first proposition which presents itself for consideration is whether or not Nixon Lucas, complainant, stands in such relation of privity to the mortgage as that he may maintain the bill. There can be no doubt of the right in Schuessler & Co., as mortgagees, before the attempted foreclosure, to maintain a bill to correct the description of the land in the mortgage; and it may be conceded (though we do not decide the point) that, had the mistake been carried into their deed to W. P. Lucas, and into the deed from Lucas to complainant, "equity would work back through all," and entitle the complainant (the last vendee) to a reformation against the mortgagor. 18 Ency. Pl. & Pr. 797. But we have seen that no mistake occurred in either of the conveyances subsequent to the mortgage; and in the case of *Blackburn v. Randolph,* 33 Ark. 119, 125, which was an action by the last vendee of a series of conveyances, where it was contended that there was no privity between the complainant and the trustee in the deed of trust under which the first sale was made, the court on this point said: "If, in either one of these conveyances, the deed of trust, that from Tate, or Bartless, or Sheppard, or Buck, or Drake, there was not a mutual mistake, whereby each party, vendor and vendee, actually supposed the particular piece of ground was described, when in fact it was not, the equity of the complainant would, of course, fall. What is meant, when the cases say that the mistake will only be corrected between the original parties and those claiming under them in privity, is, in effect, that the court will not interfere in favor of subsequent purchasers, who were simply ignorant of the former mistake, and may be presumed to have intended to take by the description used, nor against subsequent purchasers by the true description for valuable consideration, without notice of the former mistake." In

[Jackson, et al. v. Lucas.]

*Tillis v. Smith*, 108 Ala. 264, 19 So. 374, a bill was filed by the grantee against the grantor to reform a convey- ance in respect to the description of the land conveyed. A plea was interposed to the bill, setting up as a defense that the complainant had conveyed by deed the lands as described in the deed sought to be reformed to a third party, and from that fact it was argued that the com- plainant was not a proper party to maintain the suit. Speaking of this contention this court said: "It has been ruled, and we think correctly, that when a mistake occurs in a series of conveyances the last vendee may have the deeds corrected." The court cited, amoung others, the case of *Blackburn v. Randolph, supra.* After discussing the insistence that the right of the complain- ant was destroyed by his deed to another containing the same mistake that the original deed contained, the court held that it was not necessary to decide the ab- stract question of law maintained in the argument of counsel, because, as the court said, "The plea does not aver that any mistake was made in appellant's convey- ance to the third party, and hence it utterly fails to show any privity between that person and Smith (the original grantor) which would authorize him to file a bill to reform the conveyance executed by Smith to the appellant."

Applying that ruling to the case in judgment, the bill on its fact showing that there was no mistake in com- plainant's deed nor in the deed of his vendor, no privity is shown to exist between complainant and Stevens, the mortgagor. The application of the ruling is fully sup- ported by the case of *Haley v. Bagley*, 37 Mo. 363, in which case it was held that a purchaser at a mortgage sale made under the power contained in the mortgage held no such relation of privity with the mortgagor as would authorize him to maintain a bill to reform and

correct a mistake or misdescription in the mortgage. See, also, *Schwickerath v. Cooksey*, 53 Mo. 75. On the foregoing authorities and considerations the court is of the opinion that the complainant fails by his bill to make a case calling for the intervention of a court of equity in his behalf, and that the chancellor erred in overruling the motion to dismiss the bill for the want of equity. .

Reversed and rendered.

TYSON, C. J., and SIMPSON and ANDERSON, JJ., concur.