(88 South. 559)

**JONES et al. v. CRUTCHER et al.**

(8 Div. 307.)

(Supreme Court of Alabama.    April 7, 1921.)

**I. Reformation of instruments ⊚⇒45(5)—Evidence held to show valuable consideration and reciprocal misunderstanding.**

On bill for reformation of a deed as having included in part land different from that intended and failing to include a hay barn which both parties intended should be conveyed, evidence *held* to show valuable consideration, and that at the time of its execution it was affected by a reciprocal misunderstanding.

**2. Equity ⊚⇒197—Reformation of instruments ⊚⇒36(2)—Purchaser's mortgagee cannot join purchaser in bill to reform deed unless mortgage covered property in deed as reformed.**

While if there was a reformable mistake in a deed to plaintiff seeking reformation, and

if he and his mortgagee mutually intended a pledge of the identical land, which it is averred the deed was to convey, mortgagee would be entitled to a decree reforming the deed, but from mortgagee's acceptance of the mortgage in its terms, it must be presumed, in the absence of sufficient averment to the contrary, that the mortgage conveys all the land for the security of which mortgagee bargained, and she could not maintain a bill against her cocomplainant, and the bill was demurrable.

Appeal from Circuit Court, Madison County; Robt. C. Brickell, Judge.

Bill by Will Crutcher against Frances Jones and others to reform a description in a deed. The bill was amended by making Sallie L. Stewart, who held a mortgage against Will Crutcher on the land, a party complainant, seeking also to reform the mortgage description. From a decree overruling demurrers to the bill, respondents appeal. Reversed and remanded.

Addison White and Cooper & Cooper, all of Huntsville, for appellants.

This jurisdiction is exercised with great caution. 136 Ala. 443, 34 South. 911; 102 Ala. 406, 14 South. 760; 82 Ala. 570, 1 South. 897; 70 Ala. 85; 34 Cyc. 905. The bill does not meet the requirements. 147 Ala. 472. It is presumed that the conveyance as executed is the final agreement of the parties. 121 Ala. 485, 25 South. 766. Mrs. Stuart is presumed to have known of the alleged mistake there being no allegation to the contrary. 139 Ala. 378, 35 South. 1022, 101 Am. St. Rep. 38. The court will not indulge inferences from the pleadings, in order to supply deficiencies in the bill. 158 Ala. 338, 47 South. 1017; 189 Ala. 48, 66 South. 598.

C. L. Watts, of Huntsville, for appellees.

The bill was sufficient in all its aspects. 195 Ala. 568, 71 South. 92; 201 Ala. 579, 78 South. 923; 151 Ala. 141, 43 South. 864; 21 Ala. 252; 34 Cyc. 910. It is not necessary to request correction of description before filing bill. 74 Ala. 499; 201 Ala. 282, 78 South. 58. There was ample consideration. 148 Ala. 353, 42 South. 545; 8 Cow. (N. Y.) 406; 4 Wend. (N. Y.) 301; 34 Cyc. 929. Defects of form will not be considered on general demurrer. 202 Ala. 442, 80 South. 826.

SAYRE, J. Bill by appellees for reformation of a deed of conveyance of land. Demurrer to the bill was overruled, and defendants have appealed. Briefly we state our consideration of the objections urged against the bill.

[1] In substance the bill as last amended shows that defendant Frances Jones, intending to compensate complainant Crutcher for services rendered, pointed out to him certain

15 acres of land which she would convey to him on that consideration, and that afterwards, by mistake of the draftsman, she executed and delivered to complainant a deed of certain 15 acres not coterminous in all respects, the effect in part of the difference being to leave the "hay barn" without the premises actually conveyed. That appellant intended to convey the "hay barn" is clear enough in a way, for the instrument of conveyance recites that—

"The said Frances Jones hereby expressly reserves the use and occupancy of a certain barn situated on the above-described premises, known as the 'hay barn,' during the term of her natural life."

The bill points out quite definitely the whole effect of the mistake averred. So far as concerns the interest of complainant Crutcher, we think the bill, of which we have stated the merest outline, sufficiently shows that the instrument in question was supported by a valuable consideration, and that at the time of its execution it was affected by a misunderstanding, reciprocal and common to both the contracting parties. Camper v. Rice, 201 Ala. 579, 78 South. 923, and cases there cited.

[2] But complainant, appellee, Sallie L. Stewart, was first brought into the bill upon its last amendment, and it is made to appear that she is interested as Crutcher's mortgagee, the subject of her mortgage being described in terms identical with those employed in the conveyance from Mrs. Jones to Crutcher. It is true of course that, if there was a reformable mistake in the deed to Crutcher, and the parties to the mortgage mutually intended a pledge of the identical land which, it is averred, the deed was intended to convey, Mrs. Stewart would be entitled to a decree reforming the deed. But from her acceptance of the mortgage in its terms it must be presumed, in the absence of sufficient averment to the contrary, that the mortgage conveys all the land for the security of which she bargained. There is no averment that she intended or expected to receive a pledge of anything more, and, such being the case, she is not entitled to maintain a bill for reformation against the defendant Crutcher, and, clearly enough, she could maintain no bill against her cocomplainant. And yet one prayer of the bill is that the court will reform the mortgage from Crutcher to her. With the case presented by the bill the act of April 5, 1911 (Acts, p. 199), has nothing to do. Woodlawn Realty Co. v. Hawkins, 186 Ala. 234, 65 South. 183.

The demurrer to the bill as last amended and appellant's brief upon this appeal take the point that the bill, as a bill by Mrs. Stewart against complainant Crutcher, cannot be maintained for the reason we have indicated,

and for that reason the demurrer should have been sustained.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.