25 So.2d 160

**SKELTON et al. v. TYNER et al.**

6 Div. 360.

Supreme Court of Alabama.
March 7, 1946.

D. D. Patton and Curry & Curry, all of Carrollton, for appellees.

Foster, Rice, Madison & Rosenfield, of Tuscaloosa, for appellants.

---

513

FOSTER, Justice.

This suit comes here on appeal from a final decree in equity reforming a conveyance, and the decree overruling demurrer to the bill is also assigned as error.

Complainant I. E. Tyner (appellee) was the remote purchaser of a tract of land conveyed by L. Z. Skelton and wife January 18, 1928 to his son O. G. Skelton, who mortgaged the land as described, which was foreclosed April 19, 1936, and complainant purchased it from the foreclosure purchaser.

One claim on this appeal is based on the principle declared prior to the effective date of section 6960, Code of 1923, section 133, Title 47, Code of 1940 (April 5, 1911), when it was necessary in a bill by a remote purchaser to allege that each intervening purchaser with such an erroneous description must have participated in the mistake. Goulding Fertilizer Co. v. Blanchard, 178 Ala. 298, 59 So. 485; Jones v. Crutcher, 205 Ala. 445, 88 So. 559.

But under that statute a remote purchaser is "entitled to relief in all cases in which the grantee in the deed (or etc.) containing an erroneous description, would be entitled to relief." This statute had the effect of changing the rule declared in the other cases. Moore v. Moore, 212 Ala. 685, 103 So. 892; Woodlawn Realty & Development Co. v. Hawkins et al., 186 Ala. 234, 65 So. 183; Ikard v. Empire Guano Co., 233 Ala. 579, 173 So. 87.

This contention by appellant is not well taken.

It is also insisted that the deed from L. Z. Skelton to O. G. Skelton will not be reformed, because it was a voluntary conveyance, citing Kinney v. Kinney, 230 Ala. 558, 161 So. 798. But while that is a correct principle, there is another to the effect that if the deed recites a consideration, it cannot be shown that it was voluntary in order to defeat relief. O'Rear v. O'Rear, 219 Ala. 419, 122 So. 645.

The deed here in question recites a valuable consideration. That contention is likewise without merit.

It is also pointed out by appellant that the relief of reformation will be granted only against the grantor in the original deed or his privies. It is contended that appellant is not in privity with the grantor. The facts are that after the death of the grantor the land sought to be included in the deed by the reformation was embraced in the homestead set apart to the widow, and from her it passed to appellant.

We agree that to constitute one in privity of estate with another, such other must be a predecessor in respect to the property in question from whom the privy derives title. Patton et al. v. Pitts et al., 80 Ala. 373. Also that the homestead exemption and title so represented are creatures of statute and not the voluntary act of the decedent. Richter v. Richter, 180 Ala. 218, 60 So. 880.

But privity is not dependent upon such voluntary act, for the heir is in privity with his ancestor from whom he inherits the land by operation of law. Dinkins v. Latham, 202 Ala. 101, 79 So. 493; Rowe et al. v. Johnson, 214 Ala. 510, 108 So. 604, 605; Phoenix Chair Co. v. Daniel et al., 228 Ala. 579, 155 So. 363.

A privy may be in blood or estate or in law. McLelland v. Ridgeway, 12 Ala. 482, 483, 485; Rowe et al. v. Johnson, supra; 50 Corpus Juris 408, section 6. We find that this contention is not well taken.

Objection was made to the deed to complainant by the Reconstruction Finance Corporation purporting to be by J. T. Cottingham, its attorney in fact. But the deed is under seal. The principle of section 6862, Code of 1923, then in effect (section 106, Title 47, Code of 1940) had application prior to its enactment, and was effective when the deed purported to be executed by one as its agent, as well as by an officer named in that statute. Amerson v. Coronoa Coal & Iron Co., 194 Ala. 175, 69 So. 601; Graham v. Partee et al., 139 Ala. 310, 35 So. 1016, 101 Am.St.Rep. 32.

The deed was properly treated as an effective feature of complainant's title.

■ The situation developed by the evidence taken in open court before the presiding judge is so much like that in Hataway v. Carnley, 198 Ala. 39, 73 So. 382, it is only necessary to refer to it as showing the nature of the controversy in this case.

The evidence fully supported the finding and decree.

Affirmed.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.