516

195 So.2d 893

**Susan NIX et al.**

**v.**

**Mary M. McCOY.**

**2 Div. 490.**

Supreme Court of Alabama.

Feb. 23, 1967.

J. Garrison Thompson, Selma, for appellants.

Gamble & Gamble, Selma, for appellee.

PER CURIAM.

Appellants are the beneficiaries of a last will and testament of Charles D. McCoy, deceased, by which they were willed a remainder interest in some real property of said decedent, in fee simple, after the death of appellee, decedent's wife, to whom, along with Grace C. Lovingood, he willed a life estate in the real property here in question.

The will was duly probated in the probate court of Dallas County, wherein the real property is situated, and in due time the administration was settled and the executor discharged on November 22, 1963.

Thereafter, on May 1, 1964, appellee filed her original bill in the circuit court of Dallas County, in equity, in which she averred that her husband died leaving a house and lot, not exceeding in area 160 acres and in value $6,000.00, and that he left no other real estate;' that said real estate was occupied by decedent as a homestead at the time of his death, which occured on or about February 19, 1963; also, that decedent did not leave surviving him any children or descendants of deceased children.

It is averred that no appraisers or commissioners were appointed by the probate court to appraise the homestead of said decedent; and that said homestead was not set off and allotted to complainant-widow, and that she "is entitled to have said homestead exempt and set apart in fee simple."

Complainant prayed inter alia:

"That upon the hearing of the pleading and proof in this cause a decree be rendered appointing commissioners to appraise the homestead of said decedent, and that such further orders and decrees be made and entered by this Court as .may be necessary to set apart said homestead to your Complainant and to vest title thereto in your Complainant as the widow of said decedent absolutely and in fee simple and free from the administration of the estate of said decedent and free from and not withstanding the provisions of the aforesaid last will and testament of said decedent."

Appellants, acting through their guardian ad litem, filed a demurrer to the com-

plaint as a whole and to a particular aspect. Also, without waiving the demurrers, appellants filed pleas to the complaint and also an answer thereto. The demurrers were overruled.

Grace Lovingood, a party respondent, filed an answer to the complaint and admitted all the allegations and consented for the trial court to enter a decree granting the relief prayed in the complaint. She does not appeal. Only the minor-respondents appeal from the final decree.

It appears there are no disputed facts. The proof shows that appellee was living with her husband, Charles D. McCoy, on the homestead (the property here involved) occupied by him at the time of his death.

The trial court appointed three commissioners to make a full inventory of the real property of decedent, describing the property and estimating the value thereof; and further to appraise the homestead of decedent occupied by him at the time of his death, and if practicable, allot and set apart said homestead to the widow, Mary M. McCoy, the complainant.

The commissioners reported the lot herein involved did not exceed one acre, was occupied by decedent, Charles D. McCoy, as a homestead at the time of his death, and was all the real estate owned by him when he died. They appraised the value at $4,500.00.

The trial court, after a hearing on the evidence, which is not in dispute, rendered a final decree ratifying and confirming the report of the commissioners and setting apart the lot here in question to complainant, free from administration and payment of debts, and vesting in her fee simple title thereto.

Appellants (the minors) appeal from this final decree and say in their brief, filed by their attorneys, that, "The sole and only question involved is whether or not a widow waives her right to claim a homestead by allowing the administration of her husband's estate to be fully administered upon and closed in the Probate Court without taking any action to claim a homestead." This question, so appellants say, is presented by Assignments of Error Nos. I, II, III, IV, V, VI, VII, VIII and IX, which are the only assignments argued.

Neither appellants nor appellee cite a decision of this court (or of any other court) which parallels the facts in the instant case nor have we found one, but there are several cases which contain judicial observations and statements of legal principles, which, when considered together, strongly tend to support the ruling of the trial court on demurrer in the case at issue, and also the final decree from which this appeal is taken. We will advert to some of the observations.

"The statute gives the probate court jurisdiction only in two instances for setting apart the homestead, to wit, by section 4224 (now Title 7, § 694, Code 1940, as amended by Act No. 132, appvd. July 17, 1947, Gen. Acts 1947, p. 41, Recompiled Code 1958 (unofficial), Title 7, § 694), which provides for doing so when the property left by a decedent does not exceed the exemption when no administration is granted upon the estate within 60 days, and certain preceding sections provide for the setting apart of the homestead when the estate is undergoing an administration. * * * The probate court, being of limited powers and jurisdiction, can only exercise jurisdiction given it by the statute. After the administration was finally settled and the administrator was discharged, the probate court ceased to have any further jurisdiction over the estate and lost all right or power to make orders or render decrees pertaining to same. * * * The setting apart and judicial ascertainment of the extent and value of the estate must be by a court of competent jurisdiction, and which said jurisdiction is given the probate court in certain instances, and in cases where the probate court has not, or has lost, juris-

diction, if it once existed, the chancery court, or perhaps other tribunals, could do so; but this is a question we need not decide, as it should be set apart during the life of the widow or minority of the children in order to cut off the other heirs." Miles v. Lee et al., 180 Ala. 439, 444, 61 So. 915(2), 917.

We here note that a preceding section, Title 7, § 672, Code 1940, imposes upon the appraisers the duty to appraise the homestead of the decedent, occupied by him at the time of his death, and report the appraisement thereof, with a full and accurate description of the same; and, if it is a part of a tract of land exceeding 160 acres, they shall report that fact.

It is also provided in Title 7, § 674, Code of 1940, as amended, that if, for more than twenty days after grant of administration the appraisers shall fail to appraise the homestead, or to make the report in reference to the homestead "hereinbefore required," then, upon the written application of the widow, the probate court shall appoint three commissioners, who shall, as soon as practicable thereafter, not exceeding thirty days, "appraise the homestead in the manner required of the appraisers * * *." The probate court on a hearing may confirm or set aside the report, as the right may appear. See, Title 7, § 678, Code of 1940.

We observe that there is no statutory forfeiture or penalty imposed for failure of the appraisers to report the homestead, nor upon the widow for failure to file an application.

This court, in the case of Crownover v. Crownover, 216 Ala. 286, 287, 113 So. 42(1), 44, observed:

"Whatever the rule may be in other states, it is well settled by the decisions of this court that, while the failure of the widow to dissent from her husband's will precludes her from claiming dower or a distributive share in her husband's estate, such failure does not cut off her right to the exemptions given her under the law when seasonably claimed. [Citations of cases] * * *"

Laches cannot be imputed to one in possession. Craig v. Root, 247 Ala. 479, 25 So.2d 147(2-7). Also, see: Woodlawn Realty & Development Co. v. Hawkins et al., 186 Ala. 234, 65 So. 183(7-8).

The rights of a widow under homestead statutes are fixed by the death of her husband. Craig v. Root, supra

Where the property involved was occupied as a homestead by the decedent at the time of his death and was all the property he owned in Alabama at that time, and did not exceed in area or value the exemption allowed by law, the widow takes a life estate without the necessity of any act on her part. The law intervenes and makes the allotment in such cases. Craig v. Root, supra; Cox et al. v. McLemore et al., 236 Ala. 559, 183 So. 860; Franklin v. Scott et al., 227 Ala. 101, 148 So. 833.

"* * * It has been often decided that mere delay that has resulted in no disadvantage to another or that has not operated to bring about changes of conditions and circumstances in consequence of which, 'there can be no longer a safe determination of the controversy,' will not serve to bar a complainant's right or remedy. * * *" Craig v. Root, 247 Ala. 479, 25 So.2d 147(7), supra, Snodgrass v. Snodgrass, 185 Ala. 155, 64 So. 594; Waddail v. Vassar et al., 196 Ala. 184, 72 So. 14.

We find nothing in the statutes nor in the policy behind exemption laws that would limit appellee's right under the circumstances to file her petition in equity to claim decedent's real property as a homestead exemption and to vest fee simple title thereto in herself. Title 7, §§ 661, 663, 694, Code of 1940, as amended; Recompiled Code of 1958 (unofficial), Title 7, §§ 661, 663, 694; Buchannon v. Buchannon, 220 Ala. 72, 124 So. 113(8). The homestead

right is a favored one. It does not depend upon statutory provisions to set it apart. It may be claimed and set apart in equity where jurisdiction of the res has been obtained upon recognized equitable grounds. Evans v. Evans, 213 Ala. 265, 104 So. 515 (3).

In the instant case the executor of the will of decedent took no initiative to protect the homestead rights of the appellee, nor did the probate court. Appellee failed to petition the probate court for such exemption. Title 7, § 674, Code of 1940, as amended; Recompiled Code of 1958 (unofficial), Title 7, § 674. The administration of the estate was closed. Only a few months elapsed before appellee filed her petition in equity for an allotment of her homestead exemption in fee simple.

With facts somewhat paralleling those in the instant case, although not the same, this court, in the case of Medley v. Shipes, 177 Ala. 94, 58 So. 304(4), observed:

"We, of course, do not mean to hold that the failure of the administrator to duly ascertain the insolvency of the estate was a bar to the widow's right to proceed independently to that end; for it has already been settled that she may do so by a bill in chancery in her own name, where the administrator has not discharged the initial duty resting upon him in the premises. * * *"

Here, as we have pointed out, the administration was closed without according appellee her homestead exemption rights. The probate court lost jurisdiction. The jurisdiction of a court of equity extends:

"To all civil causes in which a plain and adequate remedy is not provided in the other judicial tribunals." Title 13, § 129(1), Code of 1940.

Paraphrasing Evans v. Evans, 213 Ala. 265, 104 So. 515(3), we conclude that a bill showing the conditions under which a widow, as here, is entitled to a fee in the lands of her deceased husband, and the statutory remedy to judicially ascertain these facts is not available or has been lost by judicial inaction, shows a special equity. This is true even though the widow failed to petition the probate court pending the administration to avail of the fee to the homestead. We do not think she should lose or forfeit this favored homestead right by inaction during the pendency of the administration where she had a right to depend on the probate court to vest fee simple title in accordance with statutory mandate. Here there is no factual or legal impediment between the closing of the estate and the filing of the petition in equity to vest title. The mere failure or inaction of the widow, due to ignorance, oversight or otherwise, to pursue in the probate court her homestead rights in fee simple should not tie her hands and preclude her from asserting such right in a court of equity, where, as here, she has remained in possession of the homestead. The several decisions of this court to which we have made reference forecast such assertion. Appellee's petition was seasonably filed.

The rulings and decree of the trial court are free from any assigned error. The decree is affirmed.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.