B.S. Durham died testate in June, 1979. He left surviving a widow and two adult sons. The decedent and his wife were married in 1977. At the time of the marriage, Mr. Durham owned a home in Fort Payne, and Mrs. Durham owned a home in Albertville. In 1978, the two bought a third house located in Albertville, which was placed in their joint names with right of survivorship. By his will, Mr. Durham provided, in part, as follows:
ITEM II
 My immediate family consists of my wife, Marie Reese Durham, and a son, Derward Durham, and a son, Hoyt Durham.
ITEM III
 I give, devise and bequeath my home and the property on which it is located to Derward Durham and Russell Durham, if they survive me. If one of them fails to survive me, I give, devise and bequeath my property to the survivor of them.
. . . .
ITEM V
Section A
 I give, devise and bequeath fifty shares of Fort Payne Bank Stock to my wife, Marie Reese Durham, if she survives me. *Page 752 
Section B
 I give, devise and bequeath to my wife, Marie Reese Durham, the sum of $10,000.00. There should be sufficient funds in my Savings Certificates to pay this amount. If not, my executors should pay the total sum from the assets of my estate.
The will named the two adult sons, Hoyt and Derward Durham, co-executors. When the co-executors filed their petition for final settlement, the widow, who did not dissent from the will, filed a petition seeking the following relief:
1. That the executors be ordered to pay the $10,000.00 legacy to her;
2. That the court construe the bequest of Fort Payne Bank stock so as to provide to her a bequest of an equivalent amount of stock in the holding company in which the Fort Payne stock had been transmuted;
3. That a homestead exemption be set aside for her; and
4. That she be awarded a personal property exemption of $2,000.00.
The $10,000 legacy was paid by the executors and, after a hearing, the trial court denied the other relief sought by the widow, holding that the testator owned no Fort Payne Bank stock when he died and that the holding company stock issued in exchange therefor was owned jointly with a son with right of survivorship. The trial court refused to set aside a homestead exemption to the widow, finding that the decedent resided in Albertville at the time of his death. The court did not award the widow $2,000 as personal property exempt to her as requested. She appealed. We affirm in part and reverse in part and remand.
 The Stock Issue
It is not disputed that the decedent and his son, Hoyt, owned shares of stock in Fort Payne Bank. This stock was held in their names "as joint tenants with right of survivorship." In time, the bank joined a holding company, and the bank stock was exchanged for shares in Alabama Bancorporation. The decedent and his son, Hoyt, received shares of the holding company stock. The certificates of stock in the holding company were issued to "B.S. Durham and Hoyt Durham, JT TEN." The reverse side of the certificate defines "JT TEN" as "joint tenants with right of survivorship and not as tenants in common."
The appellant argues that the legend on the reverse side of the certificate is not a part thereof and that § 35-4-7, Code of Ala. 1975, provides that there is no survivorship between joint tenants unless "it is stated in the instrument creating such tenancy that such tenancy is with right of survivorship. . . ." Although we agree with the appellant that § 35-4-7
requires that the instrument itself state the incidence of survivorship, we hold that it did here by virtue of § 10-2A-40 (f), Code of Ala. 1975, which provides:
 (f) Abbreviations may be used in the inscribing of certificates representing shares of stock. Without limiting the use of other abbreviations, however, the following or substantially similar abbreviations may be used in the inscribing of such certificates only if explained on the face or back of the certificates, and shall be construed as though they were written out in full and shall be accorded the meaning ascribed herein:
Abbreviation: Meaning:
TEN COM As tenants in common
 JT TEN As joint tenants with right of survivorship and not as tenants in common.
 The Homestead Exemption Claim
There is evidence to support the trial court's finding that the decedent, at the time of his death, lived in the Albertville house, which was held by him and his wife as joint tenants with right of survivorship. This house, then, was the homestead. It has been said that the term "homestead" is nowhere defined in our Constitution, nor by statute. "Homestead for Survivors in Alabama," 27 Ala.L.Rev. 443 (1975). It is particularly regrettable that this is so because, as one writer has noted, "one of the most complicated and inscrutable areas of Alabama *Page 753 
law is that found in the homestead statutes." Holt, "Intestate Succession in Alabama," 23 Ala.L.Rev. 319 (1971). This Court has approved the following definition:
 A homestead, in law, means a home place, or place of the home, and is designed as a shelter of the homestead roof, and not as a mere investment in real estate, or the rents and profits derived therefrom.
Griffin v. Ayers, 231 Ala. 493, 496, 165 So. 593, 595 (1936). The Court has also defined homestead as "the roof that shelters and the land actually used in connection therewith for the comfort and sustenance of the family. . . ." Mullins v. Baker,193 Ala. 594, 596, 69 So. 516, 517 (1915). From these and other statements, it can be said that the homestead of a decedent is made up of his home, and home means the house occupied by him (or her) at death. See Wildman v. Means, 208 Ala. 487,94 So. 823 (1922).
By this definition, Mr. Durham's homestead was the home shared by him and his wife in Albertville at the time of his death. Since it was owned by them jointly with right of survivorship, the widow takes fee simple title under the deed, and the provisions of the Constitution and homestead statutes are inapplicable. Jones, "Alabama Probate Law — Need for Revision of Intestate Provisions," 20 Ala.L.Rev. 1 (1967); Holt, supra, at 348.
It is only when the decedent has no homestead that the surviving spouse is entitled to the homestead exemption of $6,000 out of other real estate owned by the decedent. Section 6-10-61, Code of Ala. 1975. Because the decedent here had a homestead, as defined by our law, in Albertville, the widow is not entitled to an additional $6,000 out of other real estate owned by her husband.
 The Personal Property Exemption
The trial court made no determination of whether the widow was entitled to the $2,000 personal property exemption claimed by her. By virtue of § 6-10-64 et seq., Code, the widow is entitled to personal property of the decedent of the value of $2,000. There is evidence in the record that the widow has selected or had delivered to her, §§ 6-10-65 and 6-10-81, certain items of personal property, including a riding lawn mower, china, etc. However, the record is silent with respect to the value of these items. If the court determines that they have a value of $2,000, then the widow is entitled to no more under the statutory structure providing this exemption to her. If, however, the personal property selected by the widow, or delivered to her, has a value of less than $2,000, she is entitled to the difference either in cash or other items of personal property. Such is the mandate of the legislature.
The cause is reversed for a determination of the personal property exemption issue. In all other respects, the judgment appealed from is affirmed.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.