RUSSELL, Judge.
This case involves a judgment by the trial court ordering the appellants, Drum-mond Company and Marigold Land Company, to pay the appellee, Judy Diane Cordell Gunter, the sum of $6,000 as her exemption in lieu of homestead on property that is the basis of this action.
It appears that there are no disputed facts. The record indicates that Willis Eugene Gunter (Eugene) died intestate, survived by his wife (the appellee in this action) and three children by a previous marriage. Eugene and the appellee lived in Jefferson County, Alabama, until the time of Eugene’s death on February 15, 1976. Eugene’s mother, Bertha Gunter, resided in Walker County, Alabama, in a house on a one-acre parcel of property that is the basis of this action. Neither Eugene nor the appellee at any time lived on this property. At the time of his death, Eugene owned the Walker County property subject to his mother’s life estate interest in it. He owned no other real estate.
After Eugene’s death, probate proceedings were conducted in the Probate Court of Jefferson County. The appellee knew about the administration of her husband’s estate and was represented by an attorney at the time. In the present action, however, she maintains that she had no knowledge that the probate proceedings affected the property located in Walker County. On October 25, 1978, there was a final settlement of Eugene’s estate. It is undisputed that the appellee did not file any documents asking for a homestead interest in the Walker County property until she brought the instant action.
Following Eugene’s death, his mother, Bertha Gunter, continued to reside in the house on the property in Walker County until her death several years later. The record indicates that in 1986 the appellee learned that Eugene’s children and Bertha Gunter had at some previous time conveyed by deeds their interests in the Walker County property to the appellants, who had begun coal mining operations on the land. The appellee avers that she was never contacted by Eugene’s children, Bertha Gunter, or the appellants with regard to any efforts toward selling or mining the property.
Claiming that she had a homestead interest in the property, the appellee subsequently brought an action in the Walker *467 County Circuit Court, seeking damages for negligence, wantonness, and trespass as a result of the appellants’ mining activities. After an ore tenus proceeding, the trial court found that the appellee, as Eugene’s lawful widow, was entitled to the sum of $6,000 as her exemption in lieu of homestead on the property. The court ordered the appellants to pay the appellee this amount, plus court costs. This appeal followed. We reverse and remand.
In applying the homestead law in Alabama, the law to be used is the law as it existed at the time of the decedent’s death. Rodgers v. Bradley, 533 So.2d 546 (Ala. 1988). In the present ease the law to be applied is the law as it existed at Eugene Gunter’s death on February 15, 1976. The relevant homestead law, therefore, is found in Article 3 of Title 7, §§ 661 and 662, Alabama Code (1958), recodified in §§ 6-10-60 and 6-10-61, Alabama Code (1975).
Our supreme court has said that the homestead of a decedent must include the house in which he (or she) resides at death. Durham v. Durham, 400 So.2d 751 (Ala. 1981). (For definition of “homestead,” see Durham, 400 So.2d 751; and Griffin v. Ayers, 231 Ala. 493, 496, 165 So. 593, 595 (1936).) It is undisputed that neither the appellee’s husband, Eugene, nor the appel-lee resided in the house on the Walker County property at the time of Eugene’s death. Moreover, the property was never the couple’s homeplace when they lived together as husband and wife, and the appel-lee was never at any time in possession of the property. For these reasons, we find that the property at issue is not an actual homestead and that therefore § 661, which pertains to actual homestead exemptions, is inapplicable under the facts of the case. Instead, the controlling law is found in § 662, which pertains to exemptions in lieu of homestead.
Section 662 provides that, if the decedent had no actual homestead at the time of his death, the widow is then entitled to an “exemption in lieu of homestead” of $6,000 out of other real estate owned by the decedent. However, § 662 expressly conditions the widow’s entitlement to this exemption upon her filing a petition, in the probate court or by bill in equity, “before a final distribution of the assets of decedent’s estate has been made.” There was a final settlement of Eugene Gunter’s estate on October 25, 1978. At this time the appellee had not applied in the probate court or through a bill in equity to have an exemption in lieu of homestead set aside to her. In fact, she made no attempt to set aside this exemption until she brought an action against the appellants on November 30, 1989.
The appellee has cited Nix v. McCoy, 280 Ala. 516, 195 So.2d 893 (1967), in support of her contention that, even when the administration of an estate is closed, the widow, under general equitable principles, can later obtain homestead rights. In Nix, our supreme court held, in pertinent part, as follows:
“The mere failure or inaction of the widow, due to ignorance, oversight or otherwise, to pursue in the probate court her homestead rights in fee simple should not tie her hands and preclude her from asserting such right in a court of equity, where, as here, she has remained in possession of the homestead.”
Nix, 280 Ala. at 520, 195 So.2d at 897 (emphasis added).
We find the holding in Nix to be inapplicable to the facts in the present case and to be limited to situations where, as there, the widow seeks to set aside her homestead exemption pursuant to § 661.
In the present case the appellee had never been in possession of the property in Walker County before she sought to assert her rights. In fact, neither she nor her husband had at any time resided on the property, and because the appellee’s husband was not residing in the house on the property in Walker County at the time of his death, the appellee was limited to seeking an exemption in lieu of homestead, pursuant to § 662. As noted before, under § 662, a condition precedent to a widow’s receiving a share of the decedent’s estate in lieu of homestead is that she make such application to the probate court, or through *468 a bill in equity, prior to the final distribution of the estate.
Because the appellee failed to comply with the statutory requirements of § 662, we find that her claim for an exemption in lieu of homestead on the property in Walker County must be denied. Accordingly, we reverse the trial court and remand this case with instructions to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.